Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al., Plaintiffs, v. SANDMAN GLASS, INC., a California corporation, Defendant. | Case No.: C12-1791 JSW<br><br>**AMENDED JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON** |
|---|---|

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant SANDMAN GLASS, INC., a California Corporation, and/or alter egos and/or successor entities, as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades and the Northern California Glass Management Association (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

///

///

///

2.  Defendant has become indebted to the Trust Funds as follows:

| Work Period | Total Contributions Reported | Unpaid Contributions Due | 20% Liquidated Damages* Due | 5% Interest** (thru 7/2/12) Due | Subtotals |
|---|---|---|---|---|---|
| Nov-10 | 20,880.94 | 4,370.34 | 4,176.19 | 548.04 | |
| Dec-10 | 6,184.03 | 6,184.03 | 1,236.81 | 438.81 | |
| Jan-11 | 10,457.47 | 10,457.47 | 2,091.49 | 701.94 | |
| Feb-11 | 5,391.19 | 5,391.19 | 1,078.24 | 338.98 | |
| Mar-11 | 3,389.07 | 3,389.07 | 677.81 | 199.17 | |
| Apr-11 | 6,794.87 | 6,794.87 | 1,358.97 | 370.46 | |
| May-11 | 9,779.76 | 9,779.76 | 1,955.95 | 493.01 | |
| Jun-11 | 8,000.06 | 8,000.06 | 1,600.01 | 369.32 | |
| Aug-11 | 22,770.12 | 951.72 | 4,554.02 | 72.86 | |
| Sep-11 | 19,795.88 | 9,399.68 | 3,959.18 | 315.47 | |
| Oct-11 | 18,682.27 | 18,682.27 | 3,736.45 | 550.23 | |
| Nov-11 | 13,752.47 | 13,752.47 | 2,750.49 | 346.64 | |
| Dec-11 | 10,817.27 | 10,817.27 | 2,163.45 | 226.72 | |
| Jan-12 | 10,647.65 | 674.05 | 2,129.53 | 11.45 | |
| Mar-12 | 20,446.17 | 20,446.17 | 4,089.23 | 176.45 | |
| Apr-12 | 20,853.22 | 20,853.22 | 4,170.64 | 91.41 | |
| May-12 | 19,140.26 | 19,140.26 | 3,828.05 | 5.24 | |
| *Subtotals:* | | *$169,083.90* | *$45,556.51* | *$5,256.20* | |
| Total Unpaid Contributions, Interest, Liquidated Damages from breakdown above (11/10-6/12) | | | | | *$219,896.61* |
| Audit (4/10-12/10) | | | | | *$17,754.40* |
| 20% Liquidated Damages on Audit | | | | | *$3,550.88* |
| Attorneys' Fees (through 6/27/12) | | | | | *$5,709.50* |
| Complaint Filing Fee; Service | | | | | *$528.10* |
| **Grand Total:** | | | | | *$247,439.49* |

\* Liquidated damages are assessed at 20% of total contributions reported, shown above.

\*\* Interest for the months of 11/10 and 8/11 include amounts incurred on partial late paid contributions.

3.  Defendant shall *conditionally* pay the amount of **$201,882.98**, representing all of the above amounts, **less liquidated damages in the amount of $45,556.51.** *This waiver is expressly conditioned upon the Trustees' approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a) On or before July 10, 2010, Defendant shall pay to Plaintiffs the amount of $80,000.00. **Plaintiffs acknowledge receipt of Defendant's check numbered 7095 in the amount of $80,000.00, deposited on July 10, 2012, and are crediting that payment to the total**

**due.**

(b) Beginning on or before October 20, 2012, and on or before the 20th day of each month thereafter, for a period of twenty-four (24) months, through and including September 20, 2014, Defendant shall pay to Plaintiffs the amount of **$5,360.00** per month; each monthly payment shall be applied to interest accrued at 5% per annum and amortized monthly, and the remainder shall be applied to principal. An example amortization breakdown is attached hereto as *Exhibit B*.

(c) any payments made by a general contractor's joint check to Defendant and Plaintiffs' Trust Funds shall be endorsed by Defendant prior to submission to Plaintiffs;

(d) Defendant shall have the right to increase the monthly payments at any time, without penalty;

(e) Payments, including the one described in ¶3(a) above, shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, from July 3, 2012, in accordance with Plaintiffs' Trust Agreements;

(f) Payments shall be made payable to the "*District Council 16 Northern California Trust Funds*" **and delivered to Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104**, or to such other address as may be specified by Plaintiffs, **to be received on or before the 20th day of each month**.

(g) Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs, following those included in ¶2 herein, in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

(h) Prior to September 20, 2014, the deadline for Defendant's last monthly payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendant in writing of the final amount due, including additional interest and attorneys' fees and costs, as well as any other amounts due under the terms herein. Any additional amounts due pursuant to the provisions hereunder shall be paid in full with the final conditional stipulated

payment.

        (i)    Following Defendant's payment of the last conditional monthly payment under the Stipulation, Defendant will be advised as to whether or not the waiver has been granted by the Board of Trustees. If the waiver is granted, upon bank clearance of Defendant's last payment of the conditional balance and confirmation that Defendants' account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However, if the waiver is denied, monthly payments will continue as provided in (a) above, until all liquidated damages due have been paid.

        (j)    Failure to comply with any of the above terms shall constitute a default of Defendant's obligations under this Stipulation and the provisions of ¶13 shall apply.

    4.    MARK WILLIAM SANDMAN (hereinafter referred to as "Guarantor") confirms that he is the RMO/CEO/President of SANDMAN GLASS, INC. and is personally guaranteeing the amounts due pursuant to the terms of this Stipulation, and further acknowledges that all affiliates, related entities, purchasers, and successors in interest to SANDMAN GLASS, INC. shall also be bound by the terms of this Stipulation as Guarantor, and also consent to this Court's jurisdiction.

    5.    **Beginning with contributions due for hours worked by Defendant's employees during the month of July 2012,** which are due on August 15, 2012 and delinquent if not received by August 31, 2012, and for every month thereafter, **Defendant shall remain current in reporting and payment of any contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendant shall timely submit a copy of all contribution reports for each month, together with a copy of the payment check(s), by facsimile or email to Blake E. Williams at 415-882-9287, or by email to both bwilliams@sjlawcorp.com** *and* **ethurman@sjlawcorp.com or to such other fax number or email address as may be specified by Plaintiffs, <u>concurrent with sending the payment to the Trust Fund office</u>.** Failure by Defendant to timely submit copies of current contribution reports and payments to Blake E. Williams as described above shall constitute a default of the obligations under this agreement.

6. Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs each month with an ongoing and updated list of jobs by using copies of the attached Exhibit A, including, but not limited to, the name and address of job, general contractor information, certified payroll if a public works job, and period of work. **Defendant shall submit said updated list each month together with the contribution report (as required in above ¶5, by fax or email).** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be mailed or faxed to Blake E. Williams, concurrently with their submission to the general contractor, owner or other reporting agency. Failure by Defendant to timely submit updated job lists and certified payroll reports as applicable, shall constitute a default of the obligations under this agreement.

7. Failure by Defendant/Guarantor to remain current in reporting or payment of monthly contributions owed shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8. **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant's to comply with said request or with an audit in progress, if any, shall constitute a default of the obligations under this Agreement.

(a) If Defendant is unable to make payment in full as may be found due on any such audit, Defendant may request that Plaintiffs revise this Judgment, modifying the payment

plan (by monthly amount and/or payment term), to add the amounts found due in the audit, subject to the terms herein. If the Judgment is so revised, Defendant/Guarantor shall execute the Amendment to Judgment within ten (10) days of its submission to Defendant/Guarantor. Failure to execute the revised agreement shall constitute a default of the terms herein.

    (b) Failure by Defendant/Guarantor to submit either payment in full, or provide written support for any dispute of the audit findings, or request the addition of the amounts found due on audit to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment, subject to proof.

  9. In the event that any check is not timely submitted, is submitted by Defendant/Guarantor but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant/Guarantor is responsible, this shall be considered to be a default on the Judgment entered. If Defendant/Guarantor fail to submit their contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

  10. Defendant/Guarantor and any additional entities in which MARK WILLIAM SANDMAN is an officer, owner or possesses any ownership interest, including all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which SANDMAN GLASS, INC. joins or merges, if any, shall also be bound by the terms of this Stipulation. Defendant/Guarantor and all such entities specifically consent to the Court's jurisdiction, in which shall be specified in writing at the time of any assignment, affiliation or purchase of Defendant, along with the obligations to the terms herein.

  11. If a default occurs, Plaintiffs shall make a written demand, sent to Defendant/Guarantor by facsimile to 831-464-1974 and by regular mail, to cure said default within seven (7) days of the date of the notice from Plaintiffs. If Defendant/Guarantor elects to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check.

12. In the event the default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a) The entire amount of *$247,439.49* plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, and further audit findings, if any, plus 20% liquidated damages and 5% per annum interest, together with any additional attorneys' fees and costs incurred;

(b) A Writ of Execution may be obtained against Defendant/Guarantor and all related entities without further notice, in the amount of the unpaid balance, plus any additional amounts due under the terms herein. The declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor, and the balance due and owing as of the date of default, shall be sufficient to secure the issuance of a Writ of Execution;

(c) Defendant/Guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.

13. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

14. In the event of the filing of a bankruptcy petition by Defendant/Guarantor, the parties agree that any payments made by Defendant/Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represent that no bankruptcy filing is anticipated.

15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

1 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
2 Stipulation.

3     16.    This Stipulation is limited to the agreement between the parties with respect to the
4 delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the
5 Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.
6 Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue
7 withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan
8 Documents, the Trust Agreements incorporated into the Collective Bargaining Agreement, and the
9 law.

10     17.    This Stipulation contains all of the terms agreed by the parties and no other
11 agreements have been made. Any changes to this Stipulation shall be effective only if made in
12 writing and signed by all parties hereto.

13     18.    This Stipulation may be executed in any number of counterparts and by facsimile,
14 each of which shall be deemed an original and all of which shall constitute the same instrument.

15     19.    The parties agree that the Court shall retain jurisdiction of this matter until this
16 Judgment is satisfied.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

20. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

Dated: January 9, 2013           **SANDMAN GLASS, INC., a California Corporation**

By: _____/S/_____
MARK WILLIAM SANDMAN,
its RMO/CEO/PRESIDENT

Dated: January 9, 2013           **MARK WILLIAM SANDMAN, an individual**

By: _____/S/_____
MARK WILLIAM SANDMAN

Dated: January 14, 2013          **SALTZMAN & JOHNSON LAW CORPORATION**

By: _____/S/_____
MICHELE R. STAFFORD
Attorneys for Plaintiffs

Dated: January 8, 2013           **HUDSON MARTIN FARRANTE & STREET**

By: _____/S/_____
GAVIN KOGAN
Attorneys for Defendant SANDMAN GLASS, INC.

**IT IS SO ORDERED.** IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: January 14, 2013

_____
UNITED STATES DISTRICT COURT JUDGE

-9-
**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-1791 JSW**

P:\CLIENTS\GLACL\Sandman Glass\Pleadings\C12-1791 JSW - Amended Judgment Pursuant to Stipulation 010813.doc

## Exhibit A

### JOB REPORT FORM
*** Updated report must be faxed to Blake E. Williams, Esq., at (415) 882-9287 on or before the <u>last business day</u> of each month ***

Employer Name: **SANDMAN GLASS, INC.**

Report for the month of _____, 20____ Submitted by (name): _____

| | |  | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Project Manager: | | | |
| Project Manager: email address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Project Manager: | | | |
| Project Manager: email address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

*** Attach additional sheets as necessary ***

-1-
**Ex. A to JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-1791 JSW**

**Exhibit B**

**SAMPLE AMORTIZATION BREAKDOWN***

| Month | Beginning Balance | Interest | Payment | Ending Balance |
|---|---|---|---|---|
| 1 | $121966 | $508 | $5351 | $117123 |
| 2 | 117123 | 488 | 5351 | 112261 |
| 3 | 112261 | 468 | 5351 | 107378 |
| 4 | 107378 | 447 | 5351 | 102474 |
| 5 | 102474 | 427 | 5351 | 97550 |
| 6 | 97550 | 406 | 5351 | 92606 |
| 7 | 92606 | 386 | 5351 | 87641 |
| 8 | 87641 | 365 | 5351 | 82655 |
| 9 | 82655 | 344 | 5351 | 77649 |
| 10 | 77649 | 324 | 5351 | 72622 |
| 11 | 72622 | 303 | 5351 | 67573 |
| 12 | 67573 | 282 | 5351 | 62504 |
| 13 | 62504 | 260 | 5351 | 57414 |
| 14 | 57414 | 239 | 5351 | 52302 |
| 15 | 52302 | 218 | 5351 | 47169 |
| 16 | 47169 | 197 | 5351 | 42015 |
| 17 | 42015 | 175 | 5351 | 36839 |
| 18 | 36839 | 153 | 5351 | 31642 |
| 19 | 31642 | 132 | 5351 | 26423 |
| 20 | 26423 | 110 | 5351 | 21182 |
| 21 | 21182 | 88 | 5351 | 15920 |
| 22 | 15920 | 66 | 5351 | 10635 |
| 23 | 10635 | 44 | 5351 | 5329 |
| 24 | 5329 | 22 | 5351 | 0 |

*Actual calculation will be based on actual dates of receipt of payments.

20. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

Dated: January 7, 2013  SANDMAN GLASS, INC., a California Corporation

By: _____
MARK WILLIAM SANDMAN,
its RMO/CEO/PRESIDENT

Dated: January 9, 2013  MARK WILLIAM SANDMAN, an individual

By: _____
MARK WILLIAM SANDMAN

Dated: January 14, 2013  SALTZMAN & JOHNSON LAW CORPORATION

By: _____
BLAKE E. WILLIAMS   Michele Stafford
Attorneys for Plaintiffs

Dated: January 8, 2013  HUDSON MARTIN FARRANTE & STREET

By: _____
GAVIN KOGAN
Attorneys for Defendant SANDMAN GLASS, INC.

**IT IS SO ORDERED.** IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2013

_____
UNITED STATES DISTRICT COURT JUDGE

-9-
AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-1791 JSW